UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
☐ Eastern (Jackson) DIVISION
☒ Western (Memphis) DIVISION

Tasha L. Peete-Jeffries )
    Plaintiff, )
)
vs. )    No. _____
)
Shelby County Board of )
Education )
    Defendant. )

## COMPLAINT

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

    ☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
    ***NOTE:*** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

    ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166)
    ***NOTE:*** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
    ***NOTE:*** *In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3. Plaintiff resides at:

    4025 Bishops Bridge Road
    STREET ADDRESS

    Shelby, Tenn, 38118, (901)553-2383
    County   State   Zip Code   Telephone Number

4. Defendant(s) resides at, or its business is located at:

    160 South Hollywood
    STREET ADDRESS

    Shelby, Memphis, Tenn, 38112
    County   City   State   Zip Code

    NOTE: If more than one defendant, you must list the names, address of each additional defendant.

5. The address at which I sought employment or was employed by the defendant(s) is:

    7923 Brunswick Rd (Bolton High School)

STREET ADDRESS

__Shelby__, __Millington__ __TN__, __38002__
County    City           State    Zip Code

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

- ☐ Failure to hire
- ☐ Termination of my employment
- ☐ Failure to promote
- ☒ Failure to accommodate my disability
- ☐ Unequal terms and conditions of my employment
- ☒ Retaliation
- ☐ Other acts*(specify)*:_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7. It is my best recollection that the alleged discriminatory acts occurred on:
   __8-24-2020 through 04-13-2021__
   Date(s)

8. I believe that the defendant(s) *(check one)*:

   - ☒ is still committing these acts against me.
   - ☐ is not still committing these acts against me.

9. Defendant(s) discriminated against me based on my:
   *(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

☐ Race_____

☐ Color_____

☐ Gender/Sex_____

☐ Religion_____

☐ National Origin_____

☒ Disability _Fibromyalgia; arthritis_____

☐ Age. If age is checked, answer the following:
I was born in_____. At the time(s) defendant(s) discriminated against me.

I was [ ] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10. The facts of my case are as follows:

Since the filing of 2 previous EEOC charges and a private lawsuit, I continue to be discriminated against in that Defendant failed to provide a reasonable accommodation and engaged in the interactive process. I was placed at a school with no elevators. I was changed from a level 5 Teacher to a novice Teacher. I was subjected to 15 virtual classroom observations. I received a letter of surplus.

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

4

## Historical Facts of Case

The defendant stated in their position statement to EEOC that the plaintiff was terminated with cause in 2010. In February of 2010, the plaintiff received a non-renewal letter from her principal. The letter stated that the plaintiff didn't use researched-based strategies to help students pass standardized tests. However, the state test wasn't until May of that same year. After the students took the test, 100% of her students passed the state writing assessment as a result of her teaching methods, and a large percentage of her students passed the regular state test. Upon receiving her results, the plaintiff took them to the board so that her job could be reinstated. However, she was told that the decision to non-renew my contract was final. When the plaintiff applied for unemployment, she was denied because the defendant stated that it was with cause. Nevertheless, the plaintiff retained an attorney and participated in the appeals process. The evidence was presented to the adjudicator about why the defendant said that she was terminated as well as her test results. The adjudicator sided with the plaintiff because the plaintiff's test results negated what the defendant said. In 2013, the defendant began working with the district again. Since 2013, her evaluation and test scores were always above average. As a result of this, the plaintiff received bonuses, an opportunity to work at the board to help struggling teachers with evaluations, etc. However, once the plaintiff took a new job at a school in 2018, she noticed that she was being mistreated by a fellow colleague and administrators. As a result, her evaluation scores concerned her. She reported this information to the board, and she was told that they would correct the problem. Following that, a colleague began harassing her even further, so she recorded it on her camera. She provided the video to the defendant, and again, the defendant said they would correct the problem again. Instead of correcting the problem, the defendant began mistreating the plaintiff in various ways. Because the defendant did not fulfill their promises, the

4a

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

plaintiff had to file an EEOC charge against the defendant in 2019. As a result of her filing the charge, retaliation began, and it has continued since that time.

## I. Retaliation Count

1. Plaintiff's May 2021 filed EEOC Charge stated that Defendant retaliated against her for filing two previous charges of discrimination.

2. Plaintiff filed EEOC Charge of Discrimination 490-2021-01338 against Defendant in May 2021.

3. Plaintiff filed EEOC Charge no. 290-2020-00629.

4. Plaintiff filed EEOC Charge no. 490-2020-01952.

5. Plaintiff filed private pro se lawsuit, No. 2:20-cv-02836-TLP-tmp in Western District Federal Court against Defendant

6. Plaintiff's May 2021 filed EEOC Charge stated that Defendant placed her at a school in which there was no elevator from August 24, 2020, to October 29, 2020.

7. Plaintiff's May 2021 filed EEOC Charge stated that Defendant failed to discuss her need for a reasonable accommodation even though she requested them.

8. Plaintiff's May 2021 filed EEOC Charge stated that Defendant retaliated against her when they changed her from a level 5 Teacher to a Novice Teacher in September 2020.

9. Plaintiff's May 2021 filed EEOC Charge stated that Defendant subjected her to approximately 15 virtual classroom observations.

10. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal yelled at her during one or more of the 15 virtual observations in the presence of students.

11. Plaintiff's May 2021 filed EEOC Charge stated that she felt the multiple observations were intimidation and harassment because she received no feedback.

4b

12. Plaintiff's May 2021 filed EEOC Charge stated that the intimidation and harassment Defendant subjected her to occurred from August 24, 2020, to October 29, 2020.

13. Plaintiff's May 2021 filed EEOC Charge stated that Defendant issued her, and she received a letter of surplus on October 22, 2020, but her position was replaced and she was placed at another location effective October 29, 2020.

14. Plaintiff's May 2021 filed EEOC Charge stated that after her transfer to another location, she reported a co-worker worked at the school in which she was transferred; even though, she complained to the board about his creating a hostile working for her in January of 2019.

15. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal harassed her when the principal accused her of not maintaining her grades.

16. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal harassed her about not attending after school meetings that were not mandatory and not held on faculty meeting days.

17. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal scolded her when she came into her classroom on April 20, 2021 as she tried to exit the building in a wheelchair.

18. Plaintiff's May 2021 filed EEOC Charge stated that due to Defendant's actions she had been off work with no pay.

19. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal continued to constantly email, call, and text her even though she was off on FMLA.

20. Plaintiff's May 2021 filed EEOC Charge stated that she has gone to work some days and not been paid.

4c

21. Plaintiff's May 2021 filed EEOC Charge stated that she was placed at a school in which she had to travel 45 minutes away from home.

22. Plaintiff's May 2021 filed EEOC Charge stated that she had to teach a subject out of her certification, and when she told the principal this, she was told that she had to do it. According to Tennessee Law 49-6-6006 (2019), "An educator may teach up to two (2) section of one (1) course outside the educator's area of endorsement each school year, with the exception of courses in which a state-level end of course examination is required." Science was a tested subject, but the plaintiff still had to teach it. In addition, to that, she was observed in that particular class period.

23. Plaintiff has also been excessed and/or laid off from different schools ever since she began filing charges.

## II. Retaliation Violation Argument

Plaintiff contends that she can establish a prima facie case of retaliation under Title VII in part because when she filed her EEOC charge in May 2021 it contained allegations of retaliation, and the allegations reasonably related or gave rise to a claim of retaliation. "Retaliation claims based on conduct that occurred before the charge is filed must be included in that charge." Kurtz v. McHugh, 423 F. App'x 572, 576 (6th Cir. 2011) (citing Abeita, 159 F.3d at 254).

Title VII of the Civil Rights Act of 1964 as amended makes it unlawful to retaliate against an employee either because she 'opposed any practice made unlawful [by Title VII],' or because she has 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [under Title VII.]'" Kurtz, 423 F. App'x at 577 (quoting 42 U.S.C. § 2000e-3(a)). In order to establish a prima facie case of

4d

retaliation under Title VII, an employee must demonstrate that: "(1) [the plaintiff] engaged in activity protected by Title VII; (2) [the plaintiff's] exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." Redlin v. Grosse Pointe Pub. Sch. Sys., 921 F.3d 599, 613 (6th Cir. 2019) (quoting Laster v. City of Kalamazoo, 746 F.3d 714, 730 (6th Cir. 2014)). "If [the plaintiff] succeeds in making out the elements of a prima facie case of retaliation, the burden of production shifts [to the employer] to articulate a legitimate, non-retaliatory reason for the termination}." Id. (quoting Mansfield v. City of Murfreesboro, 706 F. App'x 231, 236 (6th Cir. 2017)). "If the [employer] satisfies its burden of production, the burden shifts back to [the plaintiff] to show that the reason was a pretext for retaliation." Id. at 614 (quoting Mansfield, 706 F. App'x at 236). Plaintiff believes that she can show the Court that her evidence establishes a prima facie case of retaliation because the evidence shall demonstrate materially adverse action by Defendant. "[T]o meet the requirement of demonstrating a materially adverse action, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)). Plaintiff believes that she has or can show the Court identified specific conduct by Defendant as being retaliatory or materially adverse - and the allegations in the complaint challenge specific conduct by Defendant. Plaintiff asserts that her complaint demonstrates a materially adverse action, that reveals a causal connection between her

protected activity and the materially adverse action, a showing which requires a plaintiff to establish "that the harm would not have occurred in the absence of – that is, but for – the defendant's conduct." Id. at 614-15; see also Funk v. City of Lansing, 821 F. App'x 574, 584 (6th Cir. 2020) ("To establish a causal connection . . . a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action.") (quoting Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000.

### III. Disability Count

24. Plaintiff's May 2021 filed EEOC Charge stated that Defendant discriminated against her because of her disability in violation of the American with Disabilities Act Amendment's Act.

25. Plaintiff's May 2021 filed EEOC Charge stated that she continues to be discriminated against because Defendant has not reasonably accommodated her. While the defendant might have engaged in the interactive process, the plaintiff notified the defendant on several occasions that those things weren't working. The plaintiff also kept informing the defendant of some things that the Job Accommodation Network suggested.

26. Plaintiff's May 2021 filed EEOC Charge stated that after she was terminated in May of 2020 for failure to secure a job that a board representative by the name of Whitney Evans contacted her regarding her restrictions in order to place her at another school. The plaintiff emailed Mrs. Evans a copy of her restrictions, which stated that she is unable to use stairs. A month later, she was hired at Cummings Elementary. When she found out that the school didn't have an elevator and that her classroom was on the third floor, she contacted Lashundia Brooks via email to see if her restrictions were considered,

4f

Lashundia Brooks didn't respond. After a week of not responding, the plaintiff contacted the union. The union representative contacted Lashundia Brooks to inquire about whether my restrictions were considered. Lashundia Brooks told her that it wouldn't matter because all teachers would be virtual until further notice. However, it did matter because the plaintiff had to go to the school physically on several occasions. Because there was no elevator, she was unable to go to her classroom. Instead, she had to go to the cafeteria, the library, and other places in the building.

27. Plaintiff's May 2021 filed EEOC Charge stated that Defendant in March 2021, she requested to continue to work virtually but Defendant denied the request.

28. Plaintiff's May 2021 filed EEOC Charge stated that she requested from Defendant a motorized wheelchair, ergonomic chair and a specific reserved parking space. She was told that she would be given a parking spot close to the door, but it wasn't always available due to it not being properly marked. Also, the situation wasn't communicated to other faculty members.

29. Plaintiff's May 2021 filed EEOC Charge stated that Defendant did not provide the reasonable accommodations that were agreed to such as the ergonomic chair even when she returned to work in August of 2021.

30. Plaintiff's May 2021 filed EEOC Charge stated that she was forced to be off work due to Defendant not reasonably accommodating her.

### IV. Violation of the ADA Argument

Plaintiff asserts that "an employee may prove discrimination based on disability in two ways. The first is by putting forward direct evidence that the defendant had a

49

discriminatory motive in carrying out its employment decision." <u>Burress v. City of Franklin</u>, Tenn., 809 F. Supp. 2d 795, 810 (M.D. Tenn. 2011) (citing <u>Smith v. Chrysler Corp.</u>, 155 F.3d 799, 805 (6th Cir. 1998)). The second is through the indirect burden shifting approach articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802—03 (1973). Under this approach, Plaintiff must first establish a prima facie case of discrimination by showing that: "(1) [s]he was disabled; (2) [s]he was otherwise qualified to perform h[er] job with or without reasonable accommodation; (3) [s]he suffered an adverse employment decision; (4) h[er] employer knew or had reason to know of h[er] disability; and (5) [s]he was replaced or the position remained open while his employer looked for other applicants." Id. (citing Whitfield v. Tennessee, 639 F.3d 253, 258-59 (6th Cir. 2011)). "Under the McDonnell Douglas burden-shifting framework, once a plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a nondiscriminatory explanation for the employment action, and if the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's explanation is pretextual." Whitfield, 639 F.3d at 259 (citations omitted).

Plaintiff intends to put forth indirect evidence to the Court to support her claims, so the court applies the McDonnell Douglas burden-shifting framework. Schwendeman v. Marietta City Schs., No. 20-3251, 2020 U.S. App. LEXIS 39230, 2020 WL 77113272020, at *3 (6th Cir. Dec. 14, 2020). Plaintiff believes she can establish a prima facie case of disability under the ADA, and she believes that Defendant cannot demonstrate to the court a legitimate nondiscriminatory reason for the adverse employment decisions they subjected her to. Lastly, Plaintiff believes that she can show pretext by showing that the defendant's proffered reason for subjecting her to the alleged

4h

adverse employment determinations and actions, has 'no basis in fact,' 'did not actually motivate the employer's action,' or was 'insufficient to motivate the employer's action.'" Jennings v. Cnty. of Monroe, 630 F. App'x 547, 551 (6th Cir. 2015) (quoting Chen v. Dow Chem. Co., 580 F.3d 394, 400 (6th Cir. 2009)).

## V. JURY DEMAND

Plaintiff requests a jury trial.

## VI. DAMAGES AND PRAYER

Plaintiff respectfully prays that Defendant, be summoned to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for incurred damages:

   a. Actual damages in the amount of any lost back pay, lost benefits, and other economic losses.

   b. Compensatory damages. ($300,000, Three Hundred Thousand Dollars) for emotional, and mental stress and anguish)

   e. Punitive damages if Jury /Court finds intentional conduct by defendant.

   f. any Prejudgment and post-judgment interest.

   g. Court costs.

   h. Attorney's fees if an Attorney files and enters an appearance on behalf of Pro Se Plaintiff

41

all in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

.

.

4j

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11. It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on:_____

12. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: 05 - 13 - 2021
                                                                                             Date

**Only litigants alleging age discrimination must answer Question #13.**

13. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one):*

    ☐ 60 days or more have elapsed

    ☐ Less than 60 days have elapsed.

14. The Equal Employment Opportunity Commission *(check one):*

    ☐ has **not** issued a Right to Sue Letter.

    ☒ has issued a Right to Sue letter, which I **received** on Sept 27, 2021
                                                                Date

***NOTE:*** *This is the date you received the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15. Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

***NOTE:*** *You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16. I would like to have my case tried by a jury:

    ☒ Yes

    ☐ No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

- [ ] direct that the Defendant employ Plaintiff, or

- [ ] direct that Defendant re-employ Plaintiff, or

- [ ] direct that Defendant promote Plaintiff, or

- [x] order other equitable or injunctive relief as follows: *all benefits that plaintiff received prior to discrimination/retaliation*

- [ ] direct that Defendant pay Plaintiff back pay in the amount of _____ and interest on back pay;

- [x] direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: *$300,000 severe emotional and mental stress, suffering and humiliation*

X *Jasha Peete-Jeffries*
SIGNATURE OF PLAINTIFF

Date: X 12/20/21

X 4025 Bishops Bridge RD
Address

Memphis, TN 38118

X 901-555-2383
Phone Number

6