*Amended*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
☐ Eastern (Jackson)  DIVISION
☒ Western(Memphis) DIVISION

RECEIVED

2022 FEB -7 PM 9: 41

~~THOMAS M. GOULD~~
~~CLERK U.  DIST~~~~ICT COUR~~
~~TN.W.D OF TN MEMPHIS~~

Tasha L. Peete-Jeffries )
     Plaintiff, )
     )
     )
vs. )
     )
Shelby County Board of )
Education Defendant. )

No. 22-2003

---

COMPLAINT

---

1.    This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
*NOTE: In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
*NOTE: In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
*NOTE: In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

☒    Tennessee Disability Act (TN code, Sec. 8-50-103.)
☒    Tennessee Retaliation Act

## JURISDICTION

2.    Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3.    Plaintiff resides at:

4025 Bishops Bridge Road
STREET ADDRESS

Shelby , Tenn , 38118 , (901)553-2383
County        State        Zip Code     Telephone Number

4.    Defendant(s) resides at, or its business is located at:

160 South Hollywood
STREET ADDRESS

Shelby , Memphis , Tenn , 38112
County       City       State       Zip Code

NOTE: If more than one defendant, you must list the names, address of each additional defendant.

5.    The address at which I sought employment or was employed by the defendant(s) is:

7923 Brunswick Rd (Bolton High School)

2

STREET ADDRESS

_Shelby_ , _Millington_ _TN_ , _38002_
County       City       State       Zip Code

6.    The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

    ☐    Failure to hire

    ☐    Termination of my employment

    ☐    Failure to promote

    ☒    Failure to accommodate my disability

    ☐    Unequal terms and conditions of my employment

    ☒    Retaliation

    ☐    Other acts *(specify)*:_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7.    It is my best recollection that the alleged discriminatory acts occurred on:
    _8-24-2020 through 04-13-2021_ .
    Date(s)

8.    I believe that the defendant(s) *(check one)*:

    ☒    is still committing these acts against me.

    ☐    is <u>not</u> still committing these acts against me.

9.    Defendant(s) discriminated against me based on my:
    *(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

[ ] Race_____

[ ] Color_____

[ ] Gender/Sex_____

[ ] Religion_____

[ ] National Origin_____

[X] Disability  *Fibromyalgia; arthritis*

[ ] Age. If age is checked, answer the following:
I was born in_____. At the time(s) defendant(s) discriminated against me.

I was [ ] more [ ] less than 40 years old. *(check one)*

**NOTE:** *Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.*

10.    The facts of my case are as follows:

*Since the filing of 2 previous EEOC charges and a private lawsuit, I continue to be discriminated against in that Defendant failed to provide a reasonable accommodation and engaged in the interactive process. I was placed at a school with no elevators. I was changed from a level 5 Teacher to a novice Teacher. I was subjected to 15 virtual classroom observations. I received a letter of surplus.*

*(Attach additional sheets as necessary)*

**NOTE:** *As additional support for your claim, you may attach to this complaint a copy of the*

4

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

## **Historical Facts of Case**

The defendant stated in their position statement to EEOC that the plaintiff was terminated with cause in 2010. In February of 2010, the plaintiff received a non-renewal letter from her principal. The letter stated that the plaintiff didn't use researched-based strategies to help students pass standardized tests. However, the state test wasn't until May of that same year.  After the students took the test, 100% of her students passed the state writing assessment as a result of her teaching methods, and a large percentage of her students passed the regular state test.  Upon receiving her results, the plaintiff took them to the board so that her job could be reinstated. However, she was told that the decision to non-renew my contract was final. When the plaintiff applied for unemployment, she was denied because the defendant stated that it was with cause. Nevertheless, the plaintiff retained an attorney and participated in the appeals process.  The evidence was presented to the adjudicator about why the defendant said that she was terminated as well as her test results. The adjudicator sided with the plaintiff because the plaintiff's test results negated what the defendant said. In 2013, the defendant began working with the district again. Since 2013, her evaluation and test scores were always above average. As a result of this, the plaintiff received bonuses, an opportunity to work at the board to help struggling teachers with evaluations, etc. However, once the plaintiff took a new job at a school in 2018, she noticed that she was being mistreated by a fellow colleague and administrators. As a result, her evaluation scores concerned her. She reported this information to the board, and she was told that they would correct the problem. Following that, a colleague began harassing her even further, so she recorded it on her camera. She provided the video to the defendant, and again, the defendant said they would correct the problem again. Instead of correcting the problem, the defendant began mistreating the plaintiff in various ways. Because the defendant did not fulfill their promises, the

4a

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

plaintiff had to file an EEOC charge against the defendant in 2019. As a result of her filing the

charge, retaliation began, and it has continued since that time.

### I. Retaliation Count

1. Plaintiff's May 2021 filed EEOC Charge stated that Defendant retaliated against her for

   filing two previous charges of discrimination.

2. Plaintiff filed EEOC Charge of Discrimination 490-2021-01338 against Defendant in

   May 2021.

3. Plaintiff filed EEOC Charge no. 290-2020-00629.

4. Plaintiff filed EEOC Charge no. 490-2020-01952.

5. Plaintiff filed private pro se lawsuit, No. 2:20-cv-02836-TLP-tmp in Western District

   Federal Court against Defendant

6. Plaintiff's May 2021 filed EEOC Charge stated that Defendant placed her at a school in

   which there was no elevator from August 24, 2020, to October 29, 2020.

7. Plaintiff's May 2021 filed EEOC Charge stated that Defendant failed to discuss her need

   for a reasonable accommodation even though she requested them.

8. Plaintiff's May 2021 filed EEOC Charge stated that Defendant retaliated against her

   when they changed her from a level 5 Teacher to a Novice Teacher in September 2020.

9. Plaintiff's May 2021 filed EEOC Charge stated that Defendant subjected her to

   approximately 15 virtual classroom observations.

10. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal yelled at her

    during one or more of the 15 virtual observations in the presence of students.

11. Plaintiff's May 2021 filed EEOC Charge stated that she felt the multiple observations

    were intimidation and harassment because she received no feedback.

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

12. Plaintiff's May 2021 filed EEOC Charge stated that the intimidation and harassment Defendant subjected her to occurred from August 24, 2020, to October 29, 2020.

13. Plaintiff's May 2021 filed EEOC Charge stated that Defendant issued her, and she received a letter of surplus on October 22, 2020, but her position was replaced and she was placed at another location effective October 29, 2020.

14. Plaintiff's May 2021 filed EEOC Charge stated that after her transfer to another location, she reported a co-worker worked at the school in which she was transferred; even though, she complained to the board about his creating a hostile working for her in January of 2019.

15. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal harassed her when the principal accused her of not maintaining her grades.

16. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal harassed her about not attending after school meetings that were not mandatory and not held on faculty meeting days.

17. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal scolded her when she came into her classroom on April 20, 2021 as she tried to exit the building in a wheelchair.

18. Plaintiff's May 2021 filed EEOC Charge stated that due to Defendant's actions she had been off work with no pay.

19. Plaintiff's May 2021 filed EEOC Charge stated that Defendant's Principal continued to constantly email, call, and text her even though she was off on FMLA.

20. Plaintiff's May 2021 filed EEOC Charge stated that she has gone to work some days and not been paid.

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

21. Plaintiff's May 2021 filed EEOC Charge stated that she was placed at a school in which she had to travel 45 minutes away from home.

22. Plaintiff's May 2021 filed EEOC Charge stated that she had to teach a subject out of her certification, and when she told the principal this, she was told that she had to do it. According to Tennessee Law 49-6-6006 (2019), "An educator may teach up to two (2) section of one (1) course outside the educator's area of endorsement each school year, with the exception of courses in which a state-level end of course examination is required." Science was a tested subject, but the plaintiff still had to teach it. In addition, to that, she was observed in that particular class period.

23. Plaintiff has also been excessed and/or laid off from different schools ever since she began filing charges.

24. Since the filing of the charge in May of 2021, the following events have occurred

   A. She was told that she would receive a lump sum of her summer pay when she went on an unpaid period. However, when she never received it, she was told that she was $6,000 in the negative.

   B. Even though she was off on FMLA, she was told that if she didn't come to work that she would be given the maximum amount of evaluations the following school year.

   C. She asked for a meeting to discuss a possible administrative transfer due to the harassment at the school where she was, but she was denied the request before the meeting even occurred. She was also told by Lauren Prater that because she was on FMLA that her absence should cut down on whatever problems that existed.

   D. Plaintiff applied for a regular transfer, and she was given an interview. The morning of the interview, the principal contacted her via email and told her that the position

4d

was no longer available and that no other positions matching her qualifications were available.

E. She was contacted by the principal, Shandia Gnintedem several times while she was on FMLA.

F. The plaintiff was given different rules to return from quarantine than another teacher. The plaintiff was told that she needed to be cleared by a doctor; even though, she had a negative test result. She also never had any symptoms.

G. The plaintiff was being marked absent before the date actually occurred. For example, in October, she checked her portal, and she was marked absent on a Thursday and a Friday; even though, it was only Wednesday.

H. The plaintiff had to ask to be paid while she was quarantining with her son; even though, she had sick days available.

I. Marvay Mosley ended her FMLA time before the date of September 15, 2021 due to her quarantining with her son.

J. Her position was ended by Bolton High School, and she was told that she would have to secure another position. She was hired at Melrose High School, but the board would not allow her to go to Melrose High.

K. Even though she was laid off, she was still being marked absent by the district.

L. Some employees who had been with the district for a while were given an extra personal day, and it was reflected in her employee portal as well. However, after checking her portal on a later date, it was no longer there. She has been off, so she hasn't taken a personal day.

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

## II. Retaliation Violation of Federal and State Law Argument

Plaintiff contends that she can establish a prima facie case of retaliation under Title VII in part because when she filed her EEOC charge in May 2021 it contained allegations of retaliation, and the allegations reasonably related or gave rise to a claim of retaliation. "Retaliation claims based on conduct that occurred before the charge is filed must be included in that charge." Kurtz v. McHugh, 423 F. App'x 572, 576 (6th Cir. 2011) (citing Abeita, 159 F.3d at 254). The defendant's actions also violate Tennessee Retaliation Act. Title VII of the Civil Rights Act of 1964 as amended makes it unlawful to retaliate against an employee either because she 'opposed any practice made unlawful [by Title VII],' or because she has 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [under Title VII.]'" Kurtz, 423 F. App'x at 577 (quoting 42 U.S.C. § 2000e-3(a)). In order to establish a prima facie case of retaliation under Title VII, an employee must demonstrate that: "(1) [the plaintiff] engaged in activity protected by Title VII; (2) [the plaintiff's] exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." Redlin v. Grosse Pointe Pub. Sch. Sys., 921 F.3d 599, 613 (6th Cir. 2019) (quoting Laster v. City of Kalamazoo, 746 F.3d 714, 730 (6th Cir. 2014)). "If [the plaintiff] succeeds in making out the elements of a prima facie case of retaliation, the burden of production shifts [to the employer] to articulate a legitimate, non-retaliatory reason for the termination}." Id. (quoting Mansfield v. City of Murfreesboro, 706 F. App'x 231, 236 (6th Cir. 2017)). "If the [employer] satisfies its burden of production, the burden shifts back to [the plaintiff] to

4F

show that the reason was a pretext for retaliation." Id. at 614 (quoting Mansfield, 706 F.

App'x at 236). Plaintiff believes that she can show the Court that her evidence establishes

a prima facie case of retaliation because the evidence shall demonstrate materially

adverse action by Defendant. "[T]o meet the requirement of demonstrating a materially

adverse action, 'a plaintiff must show that a reasonable employee would have found the

challenged action materially adverse, which in this context means it well might have

dissuaded a reasonable worker from making or supporting a charge of discrimination.'"

Id. (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

Plaintiff believes that she has or can show the Court identified specific conduct by

Defendant as being retaliatory or materially adverse - and the allegations in the complaint

challenge specific conduct by Defendant.  Plaintiff asserts that her complaint

demonstrates a materially adverse action, that reveals a causal connection between her

protected activity and the materially adverse action, a showing which requires a plaintiff

to establish "that the harm would not have occurred in the absence of – that is, but for –

the defendant's conduct." Id. at 614-15; see also Funk v. City of Lansing, 821 F. App'x

574, 584 (6th Cir. 2020) ("To establish a causal connection . . . a plaintiff must produce

sufficient evidence from which an inference could be drawn that the adverse action

would not have been taken had the plaintiff not filed a discrimination action.") (quoting

Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000.

### III. Disability Count

25. Plaintiff's May 2021 filed EEOC Charge stated that Defendant discriminated against her

because of her disability in violation of the American with Disabilities Act Amendment's

Act as well as Tennessee's Disability Act.

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

26. Plaintiff's May 2021 filed EEOC Charge stated that she continues to be discriminated against because Defendant has not reasonably accommodated her. While the defendant might have engaged in the interactive process, the plaintiff notified the defendant on several occasions that those things weren't working. The plaintiff also kept informing the defendant of some things that the Job Accommodation Network suggested.

27. Plaintiff's May 2021 filed EEOC Charge stated that after she was terminated in May of 2020 for failure to secure a job that a board representative by the name of Whitney Evans contacted her regarding her restrictions in order to place her at another school. The plaintiff emailed Mrs. Evans a copy of her restrictions, which stated that she is unable to use stairs. A month later, she was hired at Cummings Elementary. When she found out that the school didn't have an elevator and that her classroom was on the third floor, she contacted Lashundia Brooks via email to see if her restrictions were considered, Lashundia Brooks didn't respond. After a week of not responding, the plaintiff contacted the union. The union representative contacted Lashundia Brooks to inquire about whether my restrictions were considered. Lashundia Brooks told her that it wouldn't matter because all teachers would be virtual until further notice. However, it did matter because the plaintiff had to go to the school physically on several occasions. Because there was no elevator, she was unable to go to her classroom. Instead, she had to go to the cafeteria, the library, and other places in the building.

28. Plaintiff's May 2021 filed EEOC Charge stated that Defendant in March 2021, she requested to continue to work virtually but Defendant denied the request.

29. Plaintiff's May 2021 filed EEOC Charge stated that she requested from Defendant a motorized wheelchair, ergonomic chair and a specific reserved parking space. She was

told that she would be given a parking spot close to the door, but it wasn't always

available due to it not being properly marked. Also, the situation wasn't communicated to

other faculty members.

30. Plaintiff's May 2021 filed EEOC Charge stated that Defendant did not provide the

reasonable accommodations that were agreed to such as the ergonomic chair even when

she returned to work in August of 2021.

31. Plaintiff's May 2021 filed EEOC Charge stated that she was forced to be off work due to

Defendant not reasonably accommodating her.

### IV. Violation of the ADA Argument and Tennessee Disability Act

Plaintiff asserts that "an employee may prove discrimination based on disability in two

ways. The first is by putting forward direct evidence that the defendant had a

discriminatory motive in carrying out its employment decision." Burress v. City of

Franklin, Tenn., 809 F. Supp. 2d 795, 810 (M.D. Tenn. 2011) (citing Smith v. Chrysler

Corp., 155 F.3d 799, 805 (6th Cir. 1998)). The second is through the indirect burden

shifting approach articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802—

03 (1973). Under this approach, Plaintiff must first establish a prima facie case of

discrimination by showing that: "(1) [s]he was disabled; (2) [s]he was otherwise qualified

to perform h[er] job with or without reasonable accommodation; (3) [s]he suffered an

adverse employment decision; (4) h[er] employer knew or had reason to know of h[er]

disability; and (5) [s]he was replaced or the position remained open while his employer

looked for other applicants." Id. (citing Whitfield v. Tennessee, 639 F.3d 253, 258-59

(6th Cir. 2011)). "Under the McDonnell Douglas burden-shifting framework, once a

plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a nondiscriminatory explanation for the employment action, and if the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's explanation is pretextual." Whitfield, 639 F.3d at 259 (citations omitted).

Plaintiff intends to put forth indirect evidence to the Court to support her claims, so the court applies the McDonnell Douglas burden-shifting framework. Schwendeman v. Marietta City Schs., No. 20-3251, 2020 U.S. App. LEXIS 39230, 2020 WL 77113272020, at *3 (6th Cir. Dec. 14, 2020). Plaintiff believes she can establish a prima facie case of disability under the ADA as well as the Tennessee Disability Act , and she believes that Defendant cannot demonstrate to the court a legitimate nondiscriminatory reason for the adverse employment decisions they subjected her to. Lastly, Plaintiff believes that she can show pretext by showing that the defendant's proffered reason for subjecting her to the alleged adverse employment determinations and actions, has 'no basis in fact,' 'did not actually motivate the employer's action,' or was 'insufficient to motivate the employer's action.'" Jennings v. Cnty. of Monroe, 630 F. App'x 547, 551 (6th Cir. 2015) (quoting Chen v. Dow Chem. Co., 580 F.3d 394, 400 (6th Cir. 2009)).

## V. JURY DEMAND

Plaintiff requests a jury trial.

## VI. DAMAGES AND PRAYER

Plaintiff respectfully prays that Defendant, be summoned to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for incurred damages:

# 10 Lawsuit Facts of Pro Se Plaintiff Tasha L Peete-Jeffries

a. Actual damages in the amount of any lost back pay, lost benefits, and

other economic losses.

•

b. Compensatory damages. ($300,000, Three Hundred Thousand Dollars)

for emotional, and mental stress and anguish)

e. Punitive damages if Jury /Court finds intentional conduct by defendant.

f. any Prejudgment and post-judgment interest.

g. Court costs.

h. Attorney's fees if an Attorney files and enters an appearance on behalf

of Pro Se Plaintiff

all in an amount within the jurisdictional limits of the Court, together with interest as

allowed by law, costs of court, and such other and further relief to which the Plaintiff

may be justly entitled at law or in equity.

•

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11.    It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on:_____

12.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: $\underline{05 - 13 - 2021}$
                                                                                                                                                   Date

**Only litigants alleging age discrimination must answer Question #13.**

13.    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one):*

☐    60 days or more have elapsed

☐    Less than 60 days have elapsed.

14.    The Equal Employment Opportunity Commission *(check one)*:

☐    has **not** issued a Right to Sue Letter.

☒    has issued a Right to Sue letter, which I **received** on ___Sept 27, 2021___
                                                                                                                                       Date

*NOTE:       This is the date you received the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15.    Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

**NOTE:** *You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16.    I would like to have my case tried by a jury:

☒    Yes

☐    No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

☐   direct that the Defendant employ Plaintiff, or

☐   direct that Defendant re-employ Plaintiff, or

☐   direct that Defendant promote Plaintiff, or

☒   order other equitable or injunctive relief as follows: *all benefits that plaintiff received prior to discrimination/retaliation*

☐   direct that Defendant pay Plaintiff back pay in the amount of _____ and interest on back pay;

☒   direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: *$ 300,000 severe emotional and mental stress, suffering and humiliation*

X _Sasha Peete-Geffries_
   SIGNATURE OF PLAINTIFF

Date: X ✓Amended •1/31/22

X 4026 Bishops Bridge RD
   Address

Memphis, TN 38118

X 901-401-8852
   Phone Number

6

Pro Se Plaintiff Tasha L Peete-Jeffries

# Exhibit/Supportive Document

EEOC Form 161 (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tasha L. Peete-Jeffries<br>4025 Bishops Bridge Road<br>Memphis, TN 38118 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2021-01338 | Matilda S. Louvring,<br>Investigator | (501) 324-5535 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

September 23, 2021

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**

(Date Issued)

cc:
Jamie Morton, Esq.
Associate General Counsel
SHELBY COUNTY SCHOOLS
160 S HOLLYWOOD ST
RM 115
Memphis, TN 38112

Myra Hamilton, Esq.
HAMILTON ENTERTAINMENT & EMPLOYMENT
LAW, LLC
1138 North Germantown Parkway
Suite 101-108
Cordova, TN 38106

*Amended*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Tennessee  ☑

| | |
|---|---|
| Tasha L Peete Jeffries | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No. |
| | ) |
| Shelby County Board of Education | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Shelby County Board of Education
> c/o Registered Agent  (Office of General Counsel)
> 160 South Hollywood
> Memphis, Tenn 38112

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Tasha L. Peete-Jefferies, Pro Se Plaintiff
> 4025 Bishops Bridge Road
> Memphis, Tenn 38118

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 04/21)    *Amended*    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Tasha L. Peete Jeffries | Shelby County Board of Education |

**(b)** County of Residence of First Listed Plaintiff    Shelby
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Shelby
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | *Violation of / ☐ 550 Civil Rights* | | | |
| | *TN disability / ☐ 555 Prison Condition* | | | |
| | *and retaliations / ☐ 560 Civil Detainee - Conditions of Confinement* | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

---

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C { 2000e-17 and 42 U.S.C. {12112-12117

Brief description of cause:
Employment Discrimination based upon Disability and Retaliation   *which violate both federal and TN laws.  (state)*

---

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$300,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

---

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____