```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

TASHA L. PEETE-JEFFRIES,        )
                                )
    Plaintiff,                  )
                                )
v.                              )      No. 22-2003-TLP-tmp
                                )
SHELBY COUNTY BOARD OF          )
EDUCATION,                      )
                                )
    Defendant.                  )
_____

## REPORT AND RECOMMENDATION
_____

    Before the court is *pro se* plaintiff Tasha Peete-Jeffries's Motion for Default Judgment, filed on March 2, 2022. (ECF No. 15.) Peete-Jeffries filed the present case on January 3, 2022, asserting claims of disability discrimination in employment. (ECF No. 1.) Defendant Shelby County Board of Education ("the Board") was served with the complaint on February 9, 2022. (ECF No. 11.)

    Federal Rule of Civil Procedure 55 permits a party to move for entry of default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." However, here the Board responded to Peete-Jeffries's complaint with a Motion to Dismiss for Failure to State a Claim on March 2, 2022. (ECF No. 14.) The Board was served with the complaint on

February 9, 2022, giving them until March 3, 2022, to respond.[1] Fed. R. Civ. P. 12(a)(1)(A)(i). They did so with their Motion to Dismiss on March 2. (ECF No. 14.) Peete-Jeffries's Motion for Default Judgment was thus prematurely filed.

For the above reasons, it is recommended that Peete-Jeffries's Motion for Default Judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 7, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[1] Under the time calculation rules of Federal Rule of Civil Procedure 6, when a period is stated in days or a longer unit of time, time calculations "exclude the day of the event that triggers the period," in this case February 9, and "count every day, including intermediate Saturdays, Sunday, and legal holidays." Starting the clock on February 10, the Board had until March 3, 2022, to file a responsive pleading.