# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TASHA L. PEETE-JEFFRIES,   )<br>                                                    )<br>     Plaintiff,                              )<br>                                                    )           No. 2:22-cv-02003-TLP-tmp<br>v.                                                )<br>                                                    )           JURY DEMAND<br>SHELBY COUNTY BOARD OF   )<br>EDUCATION,                             )<br>                                                    )<br>     Defendant.                           ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS, DENYING MOTION FOR DEFAULT JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Tasha Peete-Jeffries sued her former employer, Shelby County Board of Education, pro se under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). (ECF Nos. 1 & 10.) Twenty-seven days after Defendant was served with the complaint, the parties each filed a motion: (1) Defendant moved to dismiss Plaintiff's complaint for failure to state a claim (ECF No. 14); and (2) Plaintiff moved for default judgment. (ECF Nos. 13 & 15.) Chief Magistrate Judge Tu M. Pham ("Judge Pham") entered a Report and Recommendation ("R&R") five days later, recommending that this Court deny Plaintiff's motion for default judgment. (ECF No. 16.)

Plaintiff then responded in opposition to Defendant's motion to dismiss. (ECF No. 17.) And Defendant replied. (ECF No. 18.) Soon after parties fully briefed Defendant's motion to dismiss, Judge Pham entered an R&R recommending that this Court grant Defendant's motion.[1]

---

[1] After Judge Pham entered his R&R recommending the Court grant Defendant's motion to dismiss (ECF No. 19), he filed an amended version of the same R&R. (ECF No. 20.) Because

(ECF No. 20.) Plaintiff then objected to Judge Pham's R&R recommending the Court deny Plaintiff's motion for default judgment (ECF No. 16) and to his R&R recommending that the Court grant Defendant's motion to dismiss (ECF No. 20). (ECF No. 21.) And Defendant responded. (ECF No. 22.)

For the reasons discussed below, the Court **ADOPTS** Judge Pham's pending R&Rs. (ECF Nos. 16 & 20.) The Court therefore **DENIES** Plaintiff's motion for default judgment (ECF Nos. 13 & 15), **GRANTS** Defendant's motion to dismiss (ECF No. 14), and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

## BACKGROUND

The Court agrees with Judge Pham that it is hard to follow the timeline of events and alleged instances of discrimination Plaintiff describes in her complaint. (*See* ECF Nos. 1 & 10.) But as explained below, this case turns on whether Plaintiff is excused from missing the Equal Employment Opportunity Commission's ("EEOC") ninety-day period to sue Defendant. And so, the Court next provides a limited summary of the factual background and then a full analysis of the procedural history here.

**I.    Facts of the Case**

Plaintiff's issues with Defendant began in 2010. (ECF No. 10 at PageID 57.) Plaintiff worked for Defendant as a teacher at various Shelby County Schools. (*Id.*) In early 2010, she received a non-renewal letter from her principal. (*Id.*) And she contested that decision through Defendant's internal appeals process. (*Id.*) She successfully fought her termination and began teaching for Defendant again in 2013. (*Id.*)

---

the amended R&R (ECF No. 20) is the most current version of Judge Pham's recommendations, the Court will refer only to it.

Plaintiff taught for Defendant for five years without another issue.  But in 2018, Plaintiff took a job at a new school.  (*Id.*)  At this new school, Plaintiff alleges that she was "mistreated by a fellow colleague and administrators" and began receiving unjustified lower teacher evaluation scores.  (*Id.*)  Plaintiff reported these issues to Defendant more than once.  In one report, she included video evidence of the alleged harassment.  (*Id.*)  And each time Defendant allegedly told her that "they would correct the problem."  (*Id.*)  But they did not.  Instead, Defendant also "began mistreating [her] in various ways."  (*Id.*)

Plaintiff then filed an EEOC charge against Defendant in 2019.  (*Id.* at PageID 58.)  The EEOC gave Plaintiff a Right to Sue Notice, so Plaintiff sued Defendant.  This Court then dismissed Plaintiff's lawsuit for failure to state a claim.  *See* Order Adopting Report and Recommendation, *Peete-Jeffries v. Shelby Cnty. Bd. of Educ.*, No. 2:20-cv-02836 (W.D. Tenn. Sept. 21, 2021).  Although the Court also granted Plaintiff the chance to amend her complaint, she failed to do so.  *See* Order Granting Plaintiff Leave to Amend Complaint and Denying Defendant's Motion to Strike, *Peete-Jeffries*, No. 2:20-cv-02836 (W.D. Tenn. July 7, 2021).

In any event, Plaintiff now alleges Defendant began retaliating against her after she filed that EEOC charge in 2019.  (ECF No. 10 at PageID 58.)  Between 2019 and 2021, Plaintiff claims Defendant moved her to several new schools.  (*Id.* at PageID 58–65.)  And at each new school, Plaintiff continued to face harassment, discrimination based on her disabilities, and difficulty receiving her employee benefits.  (*Id.*)  These issues led Plaintiff to file another EEOC charge against Defendant in May 2021  (*Id.* at PageID 60.)  According to Plaintiff, this filing led to Defendant's further retaliation against her.  (*Id.* at PageID 60–65.)

Next, the Court will turn to the procedural history.

II.   **Procedural History**

Plaintiff alleged that she received the EEOC's Right to Sue letter on September 27, 2021. (ECF No. 1 at PageID 15; ECF No. 10 at PageID 68.)  More than ninety days later, on January 3, 2022, Plaintiff sued Defendant alleging disability discrimination and retaliation under Title VII and the ADA.  (*See* ECF No. 1.)  Plaintiff mailed her complaint to the Court via certified mail with a postmarked date of December 21, 2021.  (*Id.*)  Judge Pham then granted her leave to proceed in forma pauperis.  (ECF No. 8.)  And after screening Plaintiff's complaint, Judge Pham ordered summons issued.  (*Id.*)

Only twenty-seven days after Plaintiff served Defendant with the complaint here, Plaintiff moved for default judgment.  (ECF Nos. 13 & 15.)  That same day, Defendant moved to dismiss her complaint for failure to state a claim.  (ECF No. 14.)  And in its motion, Defendant also argued that they were never served with a copy of Plaintiff's complaint.  (*Id.*)  Judge Pham entered an R&R five days later, recommending that this Court deny Plaintiff's motion for default judgment ("Default Judgment R&R").  (ECF No. 16.)

Plaintiff responded in opposition to Defendant's motion to dismiss.  (ECF No. 17.)  And Defendant replied.  (ECF No. 18.)  Soon after the parties fully briefed Defendant's motion to dismiss, Judge Pham entered an R&R recommending that this Court grant Defendant's motion ("Motion to Dismiss R&R").  (ECF No. 20.)  Plaintiff then objected to Judge Pham's Default Judgment R&R (ECF No. 16) and to his Motion to Dismiss R&R (ECF No. 20).  (*See* ECF No. 21.)  And Defendant responded.  (ECF No. 22.)

## THE REPORT AND RECOMMENDATIONS

The Court considers each of Judge Pham's R&Rs here.  (ECF Nos. 16 & 20.)  The Default Judgment R&R recommended that this Court deny Plaintiff's motion for default judgment.  (ECF No. 16.)  The Motion to Dismiss R&R recommended that this Court grant

Defendant's motion to dismiss for failure to state a claim. (ECF No. 20.) The Court now reviews both R&Rs in turn.

I.   **Default Judgment R&R**

Judge Pham began his Default Judgment R&R by noting the correct legal standard for Default judgment under Federal Rule of Civil Procedure 55. (ECF No. 16 at PageID 108.) And under Rule 12, Judge Pham correctly pointed out that Defendant had twenty-eight days to respond to Plaintiff's complaint after being served. (*Id.* at PageID 108–09.) Because Defendant moved to dismiss twenty-seven days after being served, Judge Pham recommended that this Court deny Plaintiff's motion for default judgment. (*Id.*)

II.  **Motion to Dismiss R&R**

Judge Pham began his R&R by recounting Plaintiff's fraught history working for Defendant and the procedural history of this case. (ECF No. 20 at PageID 187–92.) Judge Pham addressed Defendant's contention that Plaintiff never served it properly. (*Id.* at PageID 193.) Judge Pham found that any errors in service were not Plaintiff's responsibility. (*Id.*) Because of her in forma pauperis status, Judge Pham correctly concluded that: (1) service was the responsibility of the United States Marshals; (2) and the United States must pay all related costs of service. (*Id.*)

Judge Pham also stated the correct legal standard for dismissal when a complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at PageID 192.) Using that standard, Judge Pham addressed Defendant's primary argument for dismissal—whether Plaintiff's case is time-barred. (*Id.*) He explained that discrimination claims against employers under Title VII and the ADA require plaintiffs to exhaust administrative remedies with the EEOC before suing in federal court. (*Id.* at PageID 193.) He also correctly said that plaintiffs

alleging Title VII or ADA claims have a right to sue in federal court within ninety days of receiving a right to sue letter from the EEOC.  (*Id.*)

Judge Pham then considered the parties' arguments on the issue.  First, Judge Pham rejected Defendant's argument that "Plaintiff's Complaint is not deemed filed until January 21, 2022, when the Court granted Plaintiff's Motion to Proceed in forma pauperis." (*Id.* at PageID 194–95.)  Because time requirements are tolled while an in forma pauperis application is pending, Judge Pham found that Plaintiff's complaint should be considered filed on January 3, 2022.  (*Id.*)

Next, Judge Pham considered Plaintiff's two arguments that her complaint should be considered timely filed: (1) Federal Rule 6(b) "allows courts to grant relief by finding that an inadvertent late filing, while negligent, constitutes 'excusable neglect'"; and (2) using certified mail, she mailed her complaint six days before her ninety-day window to sue Defendant closed, and she did so with the expectation that it would arrive on time. (*Id.* at PageID 195–96.)  Judge Pham rejected both arguments.

Under the correct standard for extending time for deadlines under Rule 6(b), he recommended that Plaintiff's failure to sue within the ninety-day window was inexcusable without a basis for waiver, estoppel, or equitable tolling.  (*Id.* at PageID 196.)  Judge Pham then liberally construed Plaintiff's response to Defendant's motion to dismiss as an argument that equitable tolling should apply here. (*Id.* at PageID 198.)  And yet, finding no excuse for Plaintiff's late filing, Judge Pham recommended that this Court grant Defendant's motion to dismiss. (*Id.* at PageID 198–99.)

**DISPOSITION**

This Court now turns to Plaintiff's attempts to object here.  And the Federal Rules provide guidance about R&Rs.  Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72(b) advisory committee notes.  But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  And a district court need not articulate all the reasons it rejects a party's objections.  *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).  What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff objected to both of Judge Pham's R&Rs in one filing.  (*See* ECF No. 21.)  Judge Pham filed the Default Judgment R&R in early March 2022.  (ECF No. 16.)  Almost a month later, Plaintiff objected to this R&R.  (*See* ECF No. 21.)  Because this is outside the 14 days Plaintiff had to object under Rule 72, the Court reviews the Default Judgment R&R (ECF No. 16) for clear error.  But Plaintiff objected to Judge Pham's Motion to Dismiss R&R (ECF No. 20) on time.  And so, the Court reviews the Motion to Dismiss R&R de novo.

I. **Plaintiff's Motion for Default Judgment**

In his Default Judgment R&R, Judge Pham recommends that this Court deny Plaintiff's motion for default judgment (*see* ECF Nos. 13 & 15):

> Federal Rule of Civil Procedure 55 permits a party to move for entry of default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." However, here [Defendant] responded to [Plaintiff's] complaint with a Motion to Dismiss for Failure to State a Claim on March 2, 2022. (ECF No. 14.) [Defendant] was served with the complaint on February 9, 2022, giving them until March 3, 2022, to respond.  Fed. R. Civ. P. 12(a)(1)(A)(i).  They did so with their Motion to Dismiss on March 2. (ECF No. 14.)  [Plaintiff's] Motion for Default Judgment was thus prematurely filed.

(ECF No. 16 at PageID 108–09.)  The Court has reviewed Judge Pham's Default Judgment R&R for clear error and finds none.  The Court also finds that Plaintiff's Motion for Default was premature.  She filed her motion 27 days after service—the day before Defendant's response was due.  The Court therefore **DENIES** Plaintiff's motion for default judgment.

II. **Defendant's Motion to Dismiss**

Plaintiff's objections to Judge Pham's Motion to Dismiss R&R appear to expand on her earlier argument that equitable tolling is appropriate here.  Plaintiff argues that the Court should extend the EEOC's ninety-day filing deadline because she was "tricked by adversaries," including the EEOC and her former attorney.  (ECF No. 21 at PageID 202.)  And she alleges that the EEOC caused her confusion about her filing deadline.  (*Id.* at PageID 201–02.)  Plaintiff also describes the transportation challenges she faced while trying to sue Defendant.  (*Id.* at PageID 205–06.)

Defendant argues that Plaintiff's objections do not show cause for equitable tolling.  (ECF No. 22.)  This Court agrees.  Rule 6(b) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P.

8

6(b)(1)(B).  Still, the rule does not apply to time limits set in statutes, so parties cannot use it to extend statutes of limitations or similar time limits.  *See U.S.* ex rel. *the TVA v. Easement and Right-of-Way 100 Feet Wide and 747 Feet Long Over Certain Land in Cumberland Cnty., Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967); *see also*, 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3d §1165 (4th ed. 2022) ("Courts have held that Rule 6(b) does not apply to time periods set out in statutes.").

What is more, the EEOC's ninety-day filing requirement is a statutory timing limitation for both Title VII and ADA claims.  *See* 42 U.S.C. § 2000e-5; *Truitt v. County of Wayne*, 148 F.3d 644, (6th Cir. 1998) ("The ninety-day filing requirement of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations[.]").  And so, a plaintiff cannot use Rule 6(b) to extend this statutory deadline absent waiver, estoppel, or equitable tolling.  *See Peete v. Am. Standard Graphic*, 885 F.2d 331, 332 (6th Cir. 1989).  And this ninety-day time limit applies equally to pro se plaintiffs and represented parties.  *See, e.g.*, *id.*; *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 150 (1984).

Federal courts may equitably toll a limitations period in appropriate circumstances.  *See, e.g.*, *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).  Still, courts should be sparing in granting this type of relief.  *See Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001).  Courts in the Sixth Circuit typically grant equitable tolling only when a plaintiff shows that her "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [her] control.  *Zappone*, 870 F.3d at 556 (citations omitted).  The Sixth Circuit also considers five factors when deciding whether the equitably toll a limitation period:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in

pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Zappone*, 870 F.3d at 556 (citation omitted).  But the court has also noted that "the five factors are neither comprehensive nor material in all cases." *Id.*

Caselaw provides helpful guidance in equitable tolling cases.  First, "a lawyer's mistake" is generally not "a valid basis for equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (citation omitted).  "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" on a lawyer's part. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).  Second, the apparent delay in delivery by the Postal Service, by itself, is not a "compelling equitable consideratio[n]" warranting equitable tolling. *Elliott v. Comm'r of Soc. Sec.*, No. 1:08-CV-702, 2009 WL 2424185, at *1 (W.D. Mich. Aug. 6, 2009) (denying equitable tolling where a sixteen-day delivery period caused a complaint to be filed six days late) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).  And third, when a court grants equitable tolling relief, an opposing party usually engages in misrepresentations or other wrongdoings that cause a plaintiff to miss her filing deadline.  *See Amini*, 259 F.3d at 501.

Judge Pham recommended that Plaintiff could not rely on Rule 6(b) to extend the EEOC's ninety-day time limit without a basis for waiver, estoppel, or equitable tolling.  (*See* ECF No. 20 at PageID 197.)  This Court agrees.  Judge Pham also considered Plaintiff's arguments that the Court should apply equitable tolling here.  (*Id.* at PageID 197–99.)  And so, the Court turns to the caselaw and factors the Sixth Circuit looks to when deciding whether to equitably toll a limitation period.  After a weighing of these factors and considering the relevant guideposts, this Court finds that it should dismiss the case under the Rule 12(b)(6).

### A. Factors One, Two, and Five: Plaintiff's Knowledge of the Filing Requirement

Plaintiff concedes she had notice of the EEOC's filing requirement. She stated in her complaint that she received the EEOC's Notice of Right to Sue letter on September 27, 2021. (ECF No. 1 at PageID 15.) And she admits that her attorney "told her that the date to file the lawsuit was December 27, 2021." (ECF No. 17 at PageID 113.) Plaintiff now argues, however, that she "was unsure of the actual filing date because of her former attorney's confusion with the date." (ECF No. 21 at PageID 201.) And she contends, for the first time, in her objections to the Motion to Dismiss R&R that the "EEOC intentionally created confusion by sending the right-to-sue letter as an email instead of putting it in the mail as they have done in the past." (*Id.* at PageID 204.)

Plaintiff's own admission shows she had knowledge of the EEOC's ninety-day deadline to sue Defendant and that the deadline was December 27, 2021. And there is no evidence that her attorney's confusion about the deadline amounted to more than "a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. Although the EEOC's intentional misrepresentations, if any, could give grounds for equitable tolling, Plaintiff cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr*, 200 F.3d at 902 n.1. Any alleged misrepresentations by the EEOC existed when Plaintiff responded to Defendant's motion to dismiss, and she failed to raise those arguments then. (*See* ECF No. 17.) Accordingly, Plaintiff has shown no compelling reasons for the Court to hear this argument now. The Court therefore finds that factors one, two, and five weigh against applying equitable tolling here.

### B.      Factor 3: Plaintiff's Diligence in Pursuit of Her Claims

Plaintiff argues that she diligently pursued her claim against Defendant. Plaintiff argues that she chose to mail her complaint via certified mail because she believed it would arrive in time. (ECF No. 21 at PageID 205.) Plaintiff also outlines transportation issues that prevented her from hand-delivering her complaint before her deadline. (*Id.* at PageID 206.) She also argues that she "did not have enough money to use rideshare vehicles, and [she] was not also able to use public transportation because she has a disability . . . . Still further, she did not have anybody who could deliver the document for her." (*Id.*)

Equitable tolling requires extraordinary circumstances or complications outside of a plaintiff's control. *See, e.g.*, *Zappone*, 870 F.3d at 556; *Chavez v. Carranza*, 559 F.3d 486, 493–94 (6th Cir. 2009). Although Plaintiff used certified mail to send her complaint based on an alleged promise it would arrive on time, she chose to mail it only six days before her filing deadline. There is no evidence of complications outside of Plaintiff's control that prevented her from mailing her complaint sooner. So the apparent delay in delivery by the Postal Service does not warrant equitable tolling. *See Elliot*, 2009 WL 2424185, at *1 (denying equitable tolling where a sixteen-day delivery period caused a complaint to be filed six days late).

True enough, Plaintiff may have faced significant transportation issues preventing her from hand-delivering her complaint. But nothing prevented her from using Memphis's Paratransit Services which provide "curb-to-curb public transportation for anyone with disabilities,"[2] or other similar public services. Plaintiff had these and other options available and

---

[2] *MATAplus*, MEMPHIS AREA TRANSIT AUTH., https://www.matatransit.com/mataplus/ (last visited Dec. 7, 2022).

within her control, including the option to prepare and mail her complaint earlier.  The Court therefore finds that factor three weighs against applying equitable tolling here.

### C.      Factor 4: Prejudice to Defendant

Plaintiff filed her complaint seven days late.  There is no evidence that this small delay prejudiced Defendant.  So this factor supports applying equitable tolling.  "The absence of prejudice, however, cannot serve as an independent basis for equitably tolling a limitations period, especially where . . . [a plaintiff] fails to demonstrate that any other factor supports tolling."  *Zappone*, 870 F.3d at 558.  For the reasons above, the absence of prejudice is the only basis for equitably tolling Plaintiff's EEOC deadline here.

### D.      The Factors Point to Dismissal

The notice, reasonableness, and diligence factors all favor adopting Judge Pham's Motion to Dismiss R&R.  Although Defendant does not appear to have been prejudiced by Plaintiff's late filing, the Court finds Plaintiff's complaint is time barred and equitable tolling does not apply.  *See Zappone*, 870 F.3d at 558.  Because "the allegations in the complaint affirmatively show that [Plaintiff's] claim is time barred," dismissal under Rule 12(b)(6) is appropriate.  *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

## CONCLUSION

Having reviewed the Default Judgment R&R, the Motion to Dismiss R&R, and the entire record here, the Court agrees with Judge Pham's reasoning and analysis.  The Court therefore **ADOPTS** Judge Pham's R&Rs.  (ECF Nos. 16 & 20.)  The Court **DENIES** Plaintiff's motion for default judgment (ECF Nos. 13 & 15), **GRANTS** Defendant's motion to dismiss under Rule 12(b)(6) (ECF No. 14), and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.

**SO ORDERED**, this 13th day of December, 2022.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE